Chief Judge Robert S. Lasnik

**05-CR-00260-LTR**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR05-260L |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| v. | ) | |
| MATTHEW ALEX ERICKSON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney, and Defendant, MATTHEW ALEX ERICKSON, and his attorney, Kenneth E. Kanev, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.     The Charge. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Superseding Indictment. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     a. Conspiracy to Distribute Cocaine Base, in violation of Title 21, United

2  States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, as charged in Count 1 of the

3  Superseding Indictment.

4     2.   Elements of the Offense.

5     a. The elements of the offense of Conspiracy to Distribute Cocaine Base, in

6  violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, as

7  charged in Count 1 of the Superseding Indictment, are as follows:

8     i.   Defendant knowingly entered into an agreement with at least one

9          other person to distribute cocaine base;

10    ii.   Defendant knew that the objective of the agreement was to

11          distribute cocaine base; and

12    iii.  Defendant entered the agreement intending to further that objective.

13    3.   The Penalties.

14    a. Defendant understands that the statutory penalties for the offense of

15  Conspiracy to Distribute Cocaine Base, in violation of Title 21, United States Code,

16  Sections 841(a)(1), 841(b)(1)(A), and 846, as charged in Count 1 of the Superseding

17  Indictment, are as follows:  Imprisonment for a term of up to life in prison, with a

18  mandatory minimum sentence of ten (10) years of imprisonment, a fine of up to four

19  million dollars ($4,000,000.00), a period of supervision following release from prison of

20  at least five (5) years, and a one-hundred dollar ($100.00) penalty assessment.  Defendant

21  agrees that the penalty assessment shall be paid at or before the time of sentencing.

22    b. Defendant understands that in addition to any term of imprisonment

23  and/or fine that is imposed, the Court may order Defendant to pay restitution to any

24  victim of the offense, as required by law.  Defendant further understands that a

25  consequence of pleading guilty may include the forfeiture of certain property, either as a

26  part of the sentence imposed by the Court, or as a result of civil judicial or administrative

27  process.

28

1             c. Defendant further understands that in order to invoke the statutory

2   sentence set forth above, the United States would have had to prove beyond a reasonable

3   doubt at trial that the offense charged in the Superseding Indictment involved fifty (50)

4   grams or more of a mixture or substance containing cocaine base. Defendant waives the

5   right to require the United States to make this proof, and stipulates that this plea of guilty

6   includes Defendant's acknowledgment that the offense involved fifty (50) grams or more

7   of a mixture or substance containing cocaine base.

8             d. Defendant agrees that any monetary penalty the Court imposes,

9   including the special assessment, fine, costs or restitution, is due and payable

10   immediately, and further agrees to submit a completed Financial Statement of Debtor

11   form as requested by the United States Attorney's Office.

12             e. Defendant understands that supervised release is a period of time

13   following imprisonment during which he will be subject to certain restrictions and

14   requirements. Defendant further understands that if supervised release is imposed and he

15   violates one or more of its conditions, he could be returned to prison for all or part of the

16   term of supervised release that was originally imposed. This could result in Defendant

17   serving a total term of imprisonment greater than the statutory maximum stated above.

18             f. Defendant understands that by pleading guilty to a felony drug offense,

19   he will become ineligible for certain food stamp and social security benefits under 21

20   U.S.C. § 862a.

21       4.   Rights Waived by Pleading Guilty. Defendant understands that, by pleading

22   guilty, he knowingly and voluntarily waives the following rights:

23            a.    The right to plead not guilty, and to persist in a plea of not guilty;

24            b.    The right to a speedy and public trial before a jury of Defendant's

25   peers;

26            c.    The right to the effective assistance of counsel at trial, including, if

27   Defendant could not afford an attorney, the right to have the Court appoint one for

28   Defendant;

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1           d.     The right to be presumed innocent until guilt has been established at
2 trial, beyond a reasonable doubt;

3           e.     The right to confront and cross-examine witnesses against Defendant
4 at trial;

5           f.     The right to compel or subpoena witnesses to appear on Defendant's
6 behalf at trial;

7           g.     The right to testify or to remain silent at trial, at which trial such
8 silence could not be used against Defendant; and

9           h.     The right to appeal a finding of guilt or any pretrial rulings.

10       5.     United States Sentencing Guidelines. Defendant understands and
11 acknowledges that, at sentencing, the Court must consider the sentencing range calculated
12 under the United States Sentencing Guidelines, together with the other factors set forth in
13 Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances
14 of the offense; (2) the history and characteristics of the defendant; (3) the need for the
15 sentence to reflect the seriousness of the offense, to promote respect for the law, and to
16 provide just punishment for the offense; (4) the need for the sentence to afford adequate
17 deterrence to criminal conduct; (5) the need for the sentence to protect the public from
18 further crimes of the defendant; (6) the need to provide the defendant with educational
19 and vocational training, medical care, or other correctional treatment in the most effective
20 manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;
21 and (9) the need to avoid unwarranted sentence disparity among defendants involved in
22 similar conduct who have similar records. Accordingly, Defendant understands and
23 acknowledges that:

24           a.     The Court will determine Defendant's applicable Sentencing
25 Guidelines range at the time of sentencing;

26           b.     After consideration of the Sentencing Guidelines and the other
27 factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to
28 the maximum term authorized by law;

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    c.    The Court is not bound by any recommendation regarding the

2    sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

3    range offered by the parties, or by the United States Probation Department; and

4    d.    Defendant may not withdraw a guilty plea solely because of the

5    sentence imposed by the Court.

6    6.    Ultimate Sentence. Defendant acknowledges that no one has promised or

7    guaranteed what sentence the Court will impose.

8    7.    Statement of Facts. The parties agree on the following facts in support of

9    Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged

10    offense.

11    a. Daniel Ambaw and Kahsay Abraha distributed crack cocaine in the

12    Seattle and Everett areas. In or about Spring 2004, Erickson began to sell crack cocaine

13    for Ambaw and Abraha. In exchange, Ambaw and Abraha allowed Erickson to live with

14    them in various motel rooms, and paid Erickson small amounts of money. Collectively,

15    Ambaw, Abraha, and Erickson sold multiple ounces of crack cocaine per week. When

16    Ambaw and Abraha obtained a new supply of crack cocaine, Ambaw would provide

17    Erickson with a quantity to sell. After selling the drugs, Erickson gave the proceeds to

18    Ambaw and Abraha. In addition to Erickson, other people worked for Ambaw and

19    Abraha selling crack cocaine, including the person referred to in the Indictment as

20    "M.G.A." Ambaw distributed crack cocaine to Peggy Lee White. "M.G.A." and Abraha

21    distributed crack cocaine to the person referred to in the Indictment as "J.M.M."

22    8.    Sentencing Factors. The parties agree and stipulate that the following

23    Sentencing Guidelines provisions apply to this case:

24    a. A base offense level of 32, pursuant to USSG § 2D1.1(c)(4), because the

25    amount of cocaine base involved in the offense was more than 50 grams, but less than

26    150 grams.

27    b. A two-level downward adjustment, pursuant to USSG § 3B1.2(a),

28    because the defendant was a minor participant in the offense.

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The United States acknowledges that Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If at the time of sentencing, the United States remains satisfied that Defendant has accepted responsibility, then it will recommend a sentence that takes this acceptance of responsibility into consideration. Defendant understands and agrees that the United States will base its recommendation on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

d. The parties agree that, with the exception of those listed above, no other upward or downward adjustments to the Defendant's offense level are applicable. The Defendant maintains the right to move the Court for a downward departure at sentencing.

9. Agreement Not to File Enhancement Penalty Notice. Pursuant to this Plea Agreement, and conditioned upon Defendant's fulfillment of all of its conditions, the United States Attorney agrees not to file an enhanced penalty information alleging Defendant's prior felony drug conviction.

10. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 2-6 of the Indictment at the time of sentencing, and agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

UNITED STATES ATTORNEY
700 Stewart Street, Floor 5
Seattle, Washington 98101
(206) 553-7970

1   Defendant agrees and acknowledges that any charges to be dismissed before
2   or at the time of sentencing were substantially justified in light of the evidence available
3   to the United States, were not vexatious, frivolous or taken in bad faith, and do not
4   provide Defendant with a basis for any future claims under the "Hyde Amendment,"
5   Pub.L. No. 105-119 (1997).

6   11.   Post-Plea Conduct. Defendant understands that the terms of this Plea
7   Agreement apply only to conduct that occurred prior to the execution of this Agreement.
8   If, after the date of this Agreement, Defendant should engage in illegal conduct, or
9   conduct that is in violation of his/her conditions of release (examples of which include,
10  but are not limited to: obstruction of justice, failure to appear for a court proceeding,
11  criminal conduct while pending sentencing, and false statements to law enforcement
12  agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free
13  under this Agreement to seek a sentence that takes such conduct into consideration. Such
14  a sentence could include a sentencing enhancement under the United States Sentencing
15  Guidelines or an upward departure from the applicable sentencing guidelines range.

16  12.   Statute of Limitations. In the event that this Agreement is not accepted by
17  the Court for any reason, or Defendant has breached any of the terms of this Plea
18  Agreement, the statute of limitations shall be deemed to have been tolled from the date of
19  the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea
20  Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea
21  Agreement by Defendant is discovered by the United States Attorney's Office.

22  13.   Voluntariness of Plea. Defendant acknowledges that he has entered into
23  this Plea Agreement freely and voluntarily, and that no threats or promises, other than the
24  promises contained in this Plea Agreement, were made to induce Defendant to enter this
25  plea of guilty.

26  //
27  //
28  //

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      14.    Completeness of Agreement.  The United States and Defendant

2   acknowledge that these terms constitute the entire Plea Agreement between the parties.

3   This Agreement only binds the United States Attorney's Office for the Western District of

4   Washington.  It does not bind any other United States Attorney's Office or any other

5   office or agency of the United States, or any state or local prosecutor.

6          Dated this ___16th___ day of ___DECEMBER_____, 2005.

7

8                                    _____Matthew  Erickson_____
                                     MATTHEW ALEX ERICKSON
9                                    Defendant

10

11                                   _____Kenneth E. Kanev_____
                                     Kenneth E. Kanev
12                                   Attorney for Defendant

13

14                                   _____Douglas B Whalley_____
                                     Douglas B. Whalley
15                                   Assistant United States Attorney

16

17                                   _____Todd Greenberg_____
                                     Todd Greenberg
18                                   Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970