**JUDGE LASNIK**

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  CR 05--260 L |
| Plaintiff, | |
| v. | DEFENDANT MATTHEW ERICKSON'S   SUPERVISED RELEASE MEMORANDUM |
| DANIEL AMBAW,  et al. | |
| Defendants. | |

Matthew Erickson has admitted to three grade B violations of supervised release ((1) committing the crime of solicitation of a drug crime, a state gross misdemeanor; (2) failing to submit monthly written reports;  and (3) failing to report the fact of his arrest for the drug crime solicitation to his probation officer). Given his criminal history at the time of the original commitment in this cause is category III, the advisory Guidelines range is 5 to 11 months commitment.

For the following reasons, we are asking the court to vary from that advisory range and continue supervision of Mr. Erickson.  Our request is that the court impose not more than 90 days of imprisonment to be followed by at least a six month term at the Seattle RRC.

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
 -1

LAW OFFICES OF
KENNETH E. KANEV
1001 4TH AVENUE,  SUITE 2120
SEATTLE, WASHINGTON  98154-1109
206-223-1355(V) 206-583-2278(F)

1    The underlying sentence.

2         At the time the defendant was before the court for sentencing in June 2006, in his

3    sealed sentencing memorandum defense counsel emphasized "defendant's difficult family

4    history and resultant psychiatric/psychological problems and deficits" which were briefly

5    summarized in the PSI at sections 58-62. In particular counsel noted that the defendant

6    grew up motherless and emotionally deprived, but who at least fortunately seems to have

7    had the continuing support of this maternal grandmother since early in life. Special-

8    education type classes linked to varying diagnoses of dyslexia, ADD, ODD and other mental

9    health issues.  These were emblematic of the defendant's troubled adolescence and most

10   probably provide some basis for why he became an early teenage drug user.  His psycho-

11   social background includes two hospitalizations following suicide attempts at ages 15 and

12   16, noted by the defense consultant, Tedd Judd, Ph.D whose evaluation was then

13   submitted to the court under seal.  With such a bleak personal history at the time of

14   sentencing, it was easy for undersigned defense counsel to emphasize to the court in our

15   presentation then, that defendant's "drug addiction rehab is key to this sentence".

16        Developments since the 2006 commitment.

17        The defendant was confined at the USP Victorville California for 30 months.   He

18   reports that early on,  staff at Victorville told him that he was improperly designated "high"

19   security when he should have been "medium" security risk. (A related kidnapping charge his

20   co-defendants faced and in which the defendant was, at most, a peripheral actor, may

21   account for the higher score.)  Despite this perceived error Mr. Erickson avoided trouble

22   and furthered his education,  despite being in an institution he characterizes as "not at all

23   safe" (and where he occasionally received verbal taunts because of suspicions that he had

24   cooperated with the government). Mr. Erickson was released without incident on December

25   11, 2007.

26

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
  -2

LAW OFFICES OF
KENNETH E. KANEV
1001 4TH AVENUE,  SUITE  2120
SEATTLE, WASHINGTON  98154-1109
206-223-1355(V) 206-583-2278(F)

Despite the court's recommendation of RDAP as we requested at sentencing, he was not admitted into the program, again apparently because of the dismissed kidnapping charge-- a disqualifying crime of violence.  Nevertheless, and without the motivation of a time reduction, he volunteered for drug treatment and received a certification of completion. He attended semiweekly group sessions and NA meetings. Reflecting on the program, the defendant says most of it was repetitive (which he said "couldn't hurt" him) to what he had already learned from prior rehab programs.

In our most recent interview Mr. Erickson stated that he does not now believe himself to be an addict,  noting that in the past he used to enjoy smoking marijuana because it seemed to stabilize him emotionally.  Addiction or abuse or at the very least use-- whatever it is called-- is still obviously a problem for Mr. Erickson given the nature of these violations and the fact that he continued to smoke marijuana for the 3+ months his participation in supervision waned. In his present thinking he looks more to the positive aspects of his use; he thinks marijuana helps him deal with stress and certainly helped him deal with a diagnosed IBS (irritable bowel syndrome) condition. He notes that at the time of his arrest he was hopeful (unrealistically so) of getting "approved" for medical marijuana.  Presently, having been disabused of this notion by his counsel,  he understands and agrees that so long as he is on court supervision that will not be an option for him.

After release from prison while at Pioneer Fellowship  RRC in Seattle and thereafter Mr. Erickson was able to obtain work as a paid intern for a number of months through the YWCA with Working Zone.  He assembled mini-magazines (aptly called "zines") that are apparently sold in retail outlets.

What happened next was very goods for Mr. Erickson.  He obtained work at the 45th Street Clinic as a street outreach worker. (We are expecting letter confirmation from his then supervisor, Charlotte Tucker, which has been delayed pending receipt of information

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
-3

LAW OFFICES OF
KENNETH E. KANEV
1001 4TH AVENUE,  SUITE 2120
SEATTLE, WASHINGTON  98154-1109
206-223-1355(V) 206-583-2278(F)

release authorization).   Matt Erickson reached out to homeless youth and pointed them to agencies for social assistance and medical help.  He earned $ 11.09/hr for over a year and a half and held that job –which was to last not more than two years-- longer than any predecessor.  With the job experience and a good work record  he fully expected that his otherwise limited and "stale" (pre-prison) work history would allow him to find other work elsewhere.  Did he like the work?  "I loved the job."  Why? "It made me feel better for all my mistakes.  I was paid to help people.  It doesn't get any better."  But then Matt Erickson took another "hit".  As his EHM supervision  modification ended he had to reschedule his work at the Clinic.  Unfortunately approval for  change of his EHM  work and transportation schedule took one day too many, and he missed a required work appearance.  He was let go from the Clinic in mid-Summer, 2009.

Living at his grandmother's home once again, and as he says "living prudently" for a couple of months he barely was able to cope without the income, daily structure, and self satisfaction his job gave him   He stressed and developed IBS.  Instead of the occasional use of marijuana before his EHM (which he describes as "pure stupidity on my part, more habit than anything else") he started to self medicate.  Without something positive to look forward to and with little hope, Mr. Erickson back slid into his old ways–"getting by" on the street.  "I was down to my last $ 20." In October, 2009  he returned to his pre-prison lifestyle,   smoking lots of marijuana–again he says more "to just deal with the stress of it all"-- and this time selling marijuana on the street.  In November he was arrested by SPD doing an University district alley $ 20 sale. (Like Mr. Erickson's conversational speech, it was almost a flashback to Seattle in the '70s.)  When he subsequently missed a state court appearance by mistake and a bench warrant issued,  he says he "freaked".  He left his grandmother's home (fearing  re-arrest there on the warrant) and spent the next months "couch surfing" with acquaintances.  (Not surprisingly this is exactly how the story started

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
  -4

LAW OFFICES OF
KENNETH E. KANEV
1001 4TH AVENUE,  SUITE  2120
SEATTLE, WASHINGTON  98154-1109
206-223-1355(V) 206-583-2278(F)

1  back in 2005 when he met up with Mssrs. Ambaw  and Abraha.) He also disregarded his

2  supervision obligations.   In March, 2010 he pled guilty and served 30 days on the soliciting

3  gross misdemeanor charge.

4  By his admissions Mr. Erickson admits to new criminal conduct[1] and a pattern of

5  laxity with his monthly reports despite prodding by both his assigned USPOs.  Reflecting on

6  how he seems to have lost much of the progress he made since his release from prison he

7  blames no one but himself.  He promises himself and the court he will meet his reporting

8  obligations if given another chance on supervision.  More importantly he recognizes the

9  need for the structure in his daily life that supervision provides.

10  When asked what he wants to happen he says " I hope the judge will give me six

11  months in the halfway house".  Why?  "It will help me by giving me time to find work, being

12  able to save a little money, and I won't be left to my old ways."

13  <u>The remedy for Mr. Erickson</u>.

14  The same observations by Dr. Judd noted at the time of the original sentencing are

15  still very much in issue today.  30 months at Victorville was most likely not a productive

16  period for Mr. Erickson to come to grips with his life issues. The very likeable Mr. Erickson

17  must now still come to grips with his marijuana problem.  His continuing mental health

18  issues only complicate his chances of a successful turnaround.  Given the 2 1/2 years

19  commitment and the 30 days imposed by the state court, the defendant knows there is

20  punishment to be meted out now and in the future if he fails again while on supervision.  At

21  this point, if Mr. Erickson is to avoid spending a major part of his future behind bars waiting

22

23  [1]

24  This is the third time the defendant is involved in street level drug dealing.  Recall the initial crime herein as well as his earlier state VUCSA crimes involved the defendant selling drugs for the co-defendant herein

25  essentially in return for their providing him with a place to stay.  Admittedly , the present marijuana sale violation is most troubling because it suggests Mr. Erickson learned nothing from his earlier federal commitment. However, defense counsel's view that the defendant returned to drug dealing because that is all he could do for himself

26  given his deficits, is central to his recognized need for the structure the RRC will provide him.

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
-5

to get himself together, it is most important he get a positive routine started.  That will be the benefit of community based structure.  Consequently in joining in the RRC recommendation of the USPO we are asking that Mr. Erickson be required to serve at least 180 days at the RRC Seattle.

Now is the best and maybe last time for personal redemption.  Given his personal characteristics and psycho-social needs, we think no more than three months confinement for the violations is both sufficient and not more than necessary punishment .

Dated this 13 th day of April, 2010.

Respectfully submitted,

KENNETH E. KANEV

Attorney for Defendant Matthew Erickson

DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
-6

1
2
3                         CERTIFICATE OF SERVICE
4
5        I certify that on April 13th, 2010  I electronically filed the foregoing motion UNDER
6  SEAL with the Clerk of the Court using the CM/ECF system which will send notification of
7  such filing to the  attorneys of all other parties of record.
8
9                              s/ KENNETH E. KANEV
10                            KENNETH E. KANEV
11                            Attorney for defendant
                             1001 4TH Avenue # 2120
12                            Seattle WA 98154
13     Phone:        206-223-1355
       Fax:          206-583-2278
14     E-mail:       kanevlaw@speakeasy.net
15
16
17
18
19
20
21
22
23
24
25
26
DEFENDANT MATTHEW ERICKSON'S
SUPERVISED RELEASE MEMORANDUM
  -7